ACCEPTED
15-24-00057-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/4/2025 2:20 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00057-CV

# In the Fifteenth Court of Appeals
**Austin, Texas**

TARLETON STATE UNIVERSITY,
*Appellant and Cross-Appellee,*

v.

FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION,
*Appellee and Cross-Appellant.*

On Appeal From Cause No. CV37178
In the 266th Judicial District Court of Erath County, Texas,
Honorable Jason Cashon, Presiding Judge

## APPELLANT'S SUPPLEMENTAL BRIEFING

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIM GDULA
Division Chief
General Litigation Division

ALYSSA BIXBY-LAWSON
Assistant Attorney General
State Bar No. 24122680
Alyssa.Bixby-Lason@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (210) 270-1118
Fax: (512) 474-2697

Counsel for Appellant

**Oral Argument Requested**

**To the Honorable Fifteenth Court of Appeals:**

The Supreme Court of Texas issued an opinion on December 31, 2024, addressing how the federal Family Educational Rights and Privacy Act of 1974 ("FERPA") and Texas' Public Information Act ("PIA") intersect under circumstances substantially similar to this case. *Univ. of Texas at Austin v. GateHouse Media Texas Holdings II, Inc.*, No. 23-0023, 2024 WL 5249449 (Tex. Dec. 31, 2024). The opinion contradicts the trial court's decision to grant Foundation for Individual Rights and Expression ("FIRE")'s summary judgment and deny Tarleton State University's summary judgment.

## ARGUMENT

This appeal arises out of competing motions for summary judgment related to FIRE's writ of mandamus suit to compel the University to publicly disclose requested student records under the PIA. In granting FIRE's summary judgment and denying the University's, the trial court explicitly stated that it thought the El Paso appellate court's opinion in *Univ. of Texas at Austin v. GateHouse Media Texas Holdings II, Inc.*, 656 S.W.3d 791 (Tex. App.—El Paso, 2022), "was right" so it "ruled in accordance with the El Paso opinion." RR5 at 1–4. The Supreme Court overturned that El Paso opinion, and this Court should overturn the trial court's erroneous judgement in this case.

### 1. *GateHouse* allows universities to withhold FERPA-protected documents without seeking an Attorney General decision.

In *Gatehouse*, the Supreme Court held that the PIA did not require the University to obtain a decision from the Office of the Attorney General ("OAG") before refusing the newspaper's request for student education

records. 2024 WL 5249449 at *1, 8. In finding that the trial court and appellate court erred by construing the PIA to require disclosure of the information, the Supreme Court held that Section 552.026 grants an educational institution discretion whether to disclose information in an education record if the disclosure is authorized by FERPA. *Id.* at *7. The Supreme Court concluded that the PIA authorized the University's refusal to produce information without an Attorney General decision and, therefore, the trial court should have granted the University's motion for summary judgment. *Id.*

The Supreme Court cited the U.S. Department of Education's 2006 letter to the OAG, in which the Department communicated that "FERPA does not permit an educational agency or institution in Texas to disclose, without parental consent, education records to the OAG for the purpose of determining whether it has complied with the PIA or whether it has redacted more than is necessary under FERPA." *Id.* The Supreme Court agreed that Section 552.114(d) negates the obligation to seek an Attorney General decision before withholding information under Section 552.114(b). *Id.*

### 2. *GateHouse* allows universities to withhold requested documents in their entirety without redactions.

The Supreme Court further held that the PIA allowed the University to withhold the requested information in its entirety. *Id.* The Supreme Court reasoned that "[i]f Section 552.114(b) authorizes the University to withhold the requested information, as it argues and the court of appeals' dissent concluded, then the redaction provision in Section 552.114(d) may negate the

obligation to seek an OAG decision before withholding documents under Section 552.114(b)." *Id.* Producing documents consisting of pages of black bars without any text without seeking an OAG decision "is the same as producing nothing without seeking an OAG decision." *Id.*

### 3. The trial court's reliance on the El Paso appellate court's *GateHouse* decision was in error, and its decision should be reversed.

For the same reasons recognized by the Supreme Court in *Gatehouse*, Appellant Tarleton State University established its entitlement to judgment as a matter of law, and the trial court's decision should be reversed. The University refused to produce certain requested documents without requesting an Attorney General decision. CR138–44. The University did so after it determined that the requested documents were education records "confidential and excepted from the requirements of Section 552.021" and 552.114(b) and prohibited from disclosure by FERPA. *Id.* It produced evidence to the trial court in the form of an affidavit from its Public Information Act Coordinator confirming that the University had determined that the student records in question were protected by FERPA. CR155–61. Disclosure would reveal not just personally identifiable information that could be redacted, but that the disclosure of any part of the document would reveal the identity of the student or students to which the records pertain. CR155–61.

In granting FIRE's motion and denying the University's, the trial court found that the University "didn't follow the procedures." RR3 18:8–19. That was incorrect for at least four reasons.

4

First, under *GateHouse*, the University did not have an obligation to seek an Attorney General decision before withholding the documents requested by FIRE. 2024 WL 529449 at *7 ("Because the DOE has determined that educational agencies and institutions are in the best position to make determinations under FERPA, such agencies and institutions may withhold from public disclosure personally identifiable information in education records without the necessity of requesting an attorney general decision.") (relying on OAG guidance). The University properly withheld the documents without seeking an Attorney General decision.

Second, under *GateHouse*, the University was not required to redact or produce any student record if the disclosure—even with redactions—would reveal students' personally identifiable information. *Id.* at *3, 7. The University presented evidence to the trial court that the documents could not be produced with redactions because it reasonably believed the disclosure would reveal the identity of the student because FIRE knows the identity of the student or students to whom the education records relate. CR157–58. The University properly withheld the documents in their entirety.

Third, the Supreme Court affirmed that the University (and only the University) has the discretion to determine whether the requested documents fall within the purview of FERPA prohibitions. 2024 WL 529449 at *7. The University explained that, within its discretion, it determined that certain documents did. CR155–61. For those documents not exempted from disclosure, the University provided documents responsive to the request.

CR157–59. For the remaining documents determined to be protected by FERPA and 552.114 from disclosure , the University properly withheld—in their entirety—the documents that would reveal the identity or identities of students if disclosed, i.e., the proper "procedure" affirmed by the Supreme Court in *Gatehouse.*

Fourth, the University did not need to demonstrate a compelling reason to withhold the documents because the University did not "fail" to request an Attorney General decision. Under section 552.302, if a governmental body fails to seek a decision from the Attorney General, the information is "presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information. Tex. Gov't Code § 552.302. Under *GateHouse*, the University did not—and could not— have requested an Attorney General decision, 2024 WL 529449 at *7, and thus did not "fail" to seek it. Nevertheless, the University preserved its compelling interest argument, and the trial court failed to make a proper determination on this issue. CR349–50, 364–65.

## CONCLUSION AND PRAYER

In light of the Texas Supreme Court's guidance in *Gatehouse*, the Court should reverse the trial court's final judgment and find that the University properly withheld the requested documents which constitute education records under FERPA and student records under Texas Government Code Section 552.114 and render judgment for the University.

6

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Alyssa Bixby-Lawson*

ALYSSA BIXBY-LAWSON
Attorney-in-Charge
Texas Bar No. 24122680
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(210) 270-1118 | FAX: (512) 320-0667
Alyssa.Bixby-Lawson@oag.texas.gov

*Counsel for Appellant*
*Tarleton State University*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th of March, 2025, the foregoing *Appellant's Supplemental Briefing* was filed with the Clerk of this Court and served on the following via EFileTexas.gov efiling service.

J. T. Morris
Gabriel Waters
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
(215) 717-3440
jt.morris@thefire.org
gabe.walters@thefire.org
Joel.cannon@thefire.org

*/s/ Alyssa Bixby-Lawson*
Alyssa Bixby-Lawson
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Gomez on behalf of Alyssa Bixby-Lawson
Bar No. 24122680
victoria.gomez@oag.texas.gov
Envelope ID: 98048467
Filing Code Description: Other Brief
Filing Description: 20250304_TSU Supplemental Briefing _final
Status as of 3/4/2025 2:31 PM CST

Associated Case Party: Member of the Public (MOTP)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang Hirczy de Mino | | wphdmphd@gmail.com | 3/4/2025 2:20:15 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 3/4/2025 2:20:15 PM | SENT |

Associated Case Party: FIRE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gabriel Walters | | gabe.walters@thefire.org | 3/4/2025 2:20:15 PM | SENT |
| JT Morris | | jt.morris@thefire.org | 3/4/2025 2:20:15 PM | SENT |

Associated Case Party: TARLETON STATE UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 3/4/2025 2:20:15 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 3/4/2025 2:20:15 PM | SENT |